UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


UNITED STATES OF AMERICA

v.  CR 12-061-03 ML

RALPH MARIANO, JR.


MEMORANDUM AND ORDER

On May 8, 2012, the Defendant appeared before Magistrate Judge Almond for a status conference. At that time, Defendant requested court-appointed counsel. Based upon the financial information provided to the court by Defendant, Magistrate Judge Almond granted Defendant's request. CJA counsel was appointed to represent Defendant. Subsequently, the Federal Public Defender was appointed to represent Defendant. On October 11, 2012, the Court authorized payment to CJA counsel in the amount of $6658.57 for her representation of Defendant from May 14, 2012 to September 27, 2012.

The Sixth Amendment of the United States Constitution provides a criminal defendant with the right to "assistance of counsel for his defense." Rule 5(d)(1)(B), Fed. R. Crim. P., requires that, at a defendant's initial court appearance on a felony charge, the court inform the defendant of his "right to retain counsel or to request that counsel be appointed if the defendant cannot obtain counsel." Each District Court must have "a plan for furnishing representation for any person [charged with a felony] financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). LR Cr

44(a) provides that, if the Court determines that the defendant is financially unable to retain private counsel, it shall appoint the Federal Defender or an attorney on the Court's Criminal Justice Act Panel to represent the defendant at no cost. However, if the Court later determines that a defendant has assets from which to pay attorneys' fees, it may, "at any time," order the defendant to pay all or any portion of any attorneys' fees incurred. LR Cr 44(a)(3); 18 U.S.C. § § 3006A (c), (f).

Although the burden of establishing financial eligibility for court-appointed counsel is on the defendant, that burden does not require a showing of complete indigency or destitution. See United States v. Santiago-Fraticelli, 818 F.Supp. 27, 29-30, (D.P.R. 1993). As a practical matter, criminal defense counsel who are able to adequately handle felony cases in federal court require a substantial up-front payment of fees or a "retainer" before they will enter an appearance as defense counsel. Thus, in considering requests for court-appointed counsel, the Court must consider liquid assets at the time of initial appearance as well as total assets, income and expenses.

On June 7, 2013, Defendant submitted a net worth statement to the U.S. Probation officer who prepared the Presentence Investigation Report in this case. Attached to Defendant's net worth statement is a list of jewelry with a total approximate value of $12,000. Defendant did not include the jewelry in the list of assets he provided to the Magistrate Judge when he requested appointed counsel.

This Court has considered Defendant's total reported assets, income, and his expenses. The Court finds that Defendant does have sufficient assets from which he can pay a portion of the attorney's fees incurred.

Accordingly, the Court orders defendant to pay $6000 as reimbursement towards the cost of court-appointed counsel pursuant to 18 U.S.C. § 3006A (f) and LR Cr 44(a) (3).


SO ORDERED:

*Mary M. Lisi*
Mary M. Lisi
Chief United States District Judge
August 19, 2013